Dear Representative Seikel,
¶ 0 This office has received your request for an Attorney General Opinion. You asked, in effect the following questions:
1. Is a school district, which directly provides gifted childeducational programs pursuant to 70 O.S.Supp. 1995, §1210.307(A)(1), required to pay transportation and tuitionexpenses for gifted high school students who choose to enrollconcurrently in college or university classes?
 2. Does the answer to question one change if the schooldistrict does not offer any independent study programs, and thestudent has already completed all the gifted programs offered bythe school district high school?
¶ 1 Gifted Child Educational Programs ("Gifted Programs") is a term used in 70 O.S. 1991 and Supp. 1995, § 1210.301 to § 1210.308 and defined as:
 [T]hose special instructional programs, supportive services, unique educational materials, learning settings and other educational services which differentiate, supplement and support the regular educational program in meeting the needs of the gifted and talented child[.]
70 O.S.Supp. 1995, § 1210.301[70-1210.301](2).
¶ 2 All Oklahoma school districts must provide a Gifted Program to meet the needs of its gifted and talented children. Section 1210.307 discusses the responsibility of the individual school districts and states in pertinent part:
 It shall be the duty of each school district to provide gifted child educational programs and to serve those children as defined in Section 1210.301 of this title, who reside in that school district. This duty may be satisfied by:
 1. The district directly providing gifted child educational programs for such children;
 2. The district joining in a cooperative program with another district . . .;
 3. The district joining in a cooperative program with a private or public institution within such district; or
 4. The district transferring identified gifted and talented children to other school districts which provide the appropriate gifted child educational programs, provided, no transfer shall be made without the consent of the board of education of the receiving school district. The district in which the child resides shall provide transportation for the transferred student and pay an amount of tuition equal to the proportion of the operating costs of the program to the receiving district. Transfers authorized by this section shall be made under such rules and regulations as the State Board of Education may prescribe.
70 O.S.Supp. 1995, § 1210.307[70-1210.307](A).
¶ 3 Section 1210.307 grants discretion to the individual school districts to determine the district's Gifted Program. The four numbered paragraphs in Section 1210.307(A) are connected with the disjunction "or." "Or" is "used as a function word to indicate an alternative." Webster's Third New International Dictionary 1595 (1981). Consequently, the school district may choose any one of the four alternatives:
1. Provide its own Gifted Program;
 2. Join with another district to provide a Gifted Program;
 3. Join in a cooperative program with a private or public institution within the district to provide the Gifted Program; or
 4. Transfer gifted and talented children to other school districts providing Gifted Programs.
¶ 4 If a district provides its own program pursuant to option one, the district is not required to offer another program. It should be noted that even if the district does not offer its own program and chooses option three — to join a cooperative program with a public or private institution within the district — the district would determine with which institution it would join.
¶ 5 Question two is answered in the same manner as question one. The district has the discretion to choose its Gifted Program. The Department of Education, pursuant to 70 O.S. 1991,§ 1210.302[70-1210.302], adopted rules and regulations (OAC 210:15-23-1 to210:15-23-8) to administer the statutory gifted and talented programs. While the statutes and rules require "differentiated education," there is no provision that requires independent study courses to be included in the school district's Gifted Program. Consequently, the district would not be required to pay tuition and transportation for students who have completed the gifted and talented programs offered by the district.[1]
 ¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Title 70 O.S. 1991 and Supp. 1995, § 1210.301 to §1210.308 requires each school district to provide a gifted childeducational program. Each school district has discretion todetermine which of the four options found in Section 1210.307will be used to provide the gifted child educational program: (a)provide its own Gifted Program; (b) join with another district toprovide a Gifted Program; (c) join in a cooperative program witha private or public institution within the district to providethe Gifted Program; or (d) transfer gifted and talented childrento other school districts providing Gifted Programs. If theschool district directly provides a gifted child educationalprogram pursuant to Section 1210.307(A)(1), said district is notrequired to pay transportation and tuition expenses for giftedhigh school students who choose to enroll concurrently in collegeor university classes.
 2. Even if the student has already taken all the gifted childeducational program classes offered by the school district, thereare no rules or regulations that specifically require a schooldistrict to offer any independent study programs. Consequently,if a district provides a gifted child educational program incompliance with 70 O.S.Supp. 1995, § 1210.307[70-1210.307] and OAC210:15-23-1 to 210:15-23-8, the district is not required to paytuition and transportation costs for concurrent enrollment incollege or university classes.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
L. MICHELLE STEPHENS ASSISTANT ATTORNEY GENERAL
[1] It should be noted that the adequacy of a district's Gifted Program is determined by the district and governed by the Department of Education. School districts must submit the Gifted Program to the Department of Education each year pursuant to Section 1210.307(C). The Department of Education has promulgated rules specifying program approval standards at OAC 210:15-23-1
through 210:15-23-8. If, upon an audit by the State Department of Education, the district has not demonstrated that the depth, breadth and pace of the curriculum have been, and continue to be, in compliance with the provisions of Sections 1210.301 to 1210.308, the penalty for noncompliance is that the State Aid to the district during the next school year following the audit "shall be reduced by an amount equal to twice the amount of the portion of State Aid generated by the gifted and talented" program. OAC 210:15-23-8(d).